UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDY ROSENBERG,[1]<br><br>               Plaintiff,<br><br>           -against-<br><br>SHEMIRAN CO., LLC; ANTHONY CANNATARO, ADMINISTRATIVE JUDGE; ANNE KATZ, SUPERVISING HOUSING COURT REFEREE; HEELA CAPELL REFEREE; ALIA RAZZAQ, CHIEF CLERK; EUGENE HURLEY, FIRST DEPUTY CHIEF CLERK,<br><br>               Defendants. | 20-CV2259 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

      Rudy Rosenberg, appearing *pro se*, brings this action styled as a notice of removal under 28 U.S.C. § 1446 of the eviction proceeding pending against him and his co-tenant in the Civil Court of the City of New York, New York County, Housing Part. *See Shemiran Co. LLC v. Rosenberg,* L & T Index No. 67375/19. By order dated April 9, 2020, the Court granted Rosenberg's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the action is remanded to the Civil Court of the City of New York, New York County, Housing Part.

## STANDARD OF REVIEW

      A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

---

[1] Although Rosenberg is a defendant in the eviction proceeding, he improperly lists himself as the Plaintiff/Petitioner in the notice of removal.

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is " entirely a creature of statute," and the " statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

In September 2019, Shemiran Co. LLC (Shemiran) initiated this residential holdover proceeding in the Civil Court of the City of New York, New York County, Housing Part (Housing Court), against tenants Rudolph Rosenberg, Eltha Jordan, John Doe, and Jane Doe. In the petition, Shemiran alleges that Rosenberg and Jordan have failed to tender the monthly rent of $2,050.00 since December 2018, and that the total rent owed as of the date of filing the petition was $20,500.00. (ECF No. 2, at 41.) Shemiran seeks possession of the premises, which are located at East 88th Street in Manhattan, and fees and expenses associated with the eviction proceeding.

On January 8, 2020, just before a scheduled trial of the eviction action, Rosenberg filed a notice of removal in this Court, and the action was assigned to Chief Judge Colleen McMahon.[2]

---

[2] Jordan filed a notice of removal to remove Shemiran's first holdover proceeding to this Court. On August 19, 2019, Chief Judge McMahon remanded that action to the Housing Court because the notice of removal had a number of procedural defects, the removal was untimely, the

*See Rosenberg v. Shemiran Co. LLC*, ECF 1:20-CV-0229, 2 (S.D.N.Y. Feb. 2, 2020) (*Rosenberg I*). Rosenberg asserted in that notice that the Court has subject matter jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332, because Shemiran was a citizen of California and both he and Jordan were citizens of New Jersey. He also invoked the Court's federal question jurisdiction, 28 U.S.C. § 1331, asserting that Shemiran discriminated against him and Jordan in violation of the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA). Rosenberg also improperly listed as defendants four individuals who were not parties to the landlord-tenant proceedings: Administrative Judge Anthony Cannataro, Supervising Housing Court Referee Anne Katz, Referee Heela Capell, Chief Clerk Alia Razzaq, and First Deputy Chief Clerk Eugene Hurley.

On February 3, 2020, Chief Judge McMahon held that Rosenberg's notice of removal was untimely, because he filed it more than 30 days after Shemiran served him with the state-court action, on or about September 10, 2019. *Rosenberg I*, ECF 1:20-CV-0229, 6, at 3-4. Chief Judge McMahon further held that the Court lacked subject matter jurisdiction to consider the state-court landlord-tenant matter. She found that Rosenberg had failed to plead sufficient facts establishing diversity jurisdiction because he failed to show that his and Jordan's citizenships were diverse from that of Shemiran, and that the $75,000.00 amount-in-controversy threshold was satisfied. *Id*. at 4-6. Finally, Chief Judge McMahon held that Rosenberg's asserted counterclaims of discrimination under the ADA and FHA – which did not appear on the face of Shemiran's state-court petition – could not serve as a basis for federal jurisdiction. *Id*. at 6-7. Chief Judge McMahon remanded the action under 28 U.S.C. 1447(c) to the Housing Court.

---

co-defendants had not clearly consented to the removal, and the Court lacked subject matter jurisdiction to adjudicate the eviction proceeding. *Shemiran Co. LLC v. Jordan*, ECF 1:19-CV-6858, 5 (S.D.N.Y. Aug. 19, 2019), *appeal denied*, 19-3535 (S.D.N.Y. Feb. 13, 2020).

Rosenberg now attempts again to remove the same eviction proceeding against the same parties. He contends that in *Rosenberg I*, Chief Judge McMahon improperly remanded the case to Housing Court. Rosenberg repeats his arguments from *Rosenberg I* – including his invocation of the Court's diversity and federal question jurisdiction – and argues that removal of the eviction proceeding is appropriate under 28 U.S.C. 1443, because the state court has "engaged in racial discrimination calculated to unlawfully deprive the tenants of their Equal Civil rights and that the tenants' conduct is legally immune from prosecution by the landlord and the State Court." (ECF No. 2, at 3.) Rosenberg also seeks a temporary restraining order.

## DISCUSSION

**A.    Issue Preclusion**

Rosenberg brings this second notice of removal effectively to seek reconsideration of Chief Judge McMahon's remand of *Rosenberg I* to the Housing Court.[3] But the state-court case must once again be remanded because the doctrine of issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings

---

[3] Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009). The Supreme Court has construed § 1447(d) to insulate from appellate review those remand orders based on the grounds specified in § 1447(c): a defect in the removal procedure and a lack of subject matter jurisdiction. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996); *see also LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994) ("Subsection 1447(c) authorizes a remand 'on the basis of any defect in removal procedure' or because 'the district court lacks subject matter jurisdiction.'"). Section 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005) (quoting *Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (internal quotation marks omitted)); *see also Lalondriz v. USA Networks, Inc.*, 68 F. Supp. 2d 285, 286 (S.D.N.Y. 1999) (stating that under § 1447(d), "a district court may not review [its remand order] on a motion for reconsideration"); *One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995) ("It is axiomatic that remanding a case to state court terminates the jurisdiction of a federal district court over that case.").

4

are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted). Although issue preclusion is an affirmative defense that must ordinarily be raised in a party's answer or else is waived, a district court may raise the issue *sua sponte* in appropriate circumstances. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (*per curiam*); *see also Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised." (internal quotation marks omitted)); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming decision of district court to take up question of issue preclusion *sua sponte*).

      Rosenberg brings this second notice of removal contending that in *Rosenberg I*, Chief Judge McMahon improperly remanded the case to Housing Court. But his arguments are barred under the doctrine of issue preclusion. Chief Judge McMahon held in *Rosenberg I*, that the notice of removal was untimely because Rosenberg filed it more than 30 days after Shemiran served him with the state-court action, on or about September 10, 2019. *See* 28 U.S.C. § 1446(b)(3). Rosenberg filed this second notice on March 10, 2020, well after he and his co-defendant were served with the state-court eviction action, and he does not allege any additional facts suggesting that the action only became removable at a later date. Chief Judge McMahon found in *Rosenberg I* that the removal was procedurally defective because it was untimely filed. Rosenberg's current challenge to that determination is barred by issue preclusion.

Rosenberg's contentions that the Court has subject matter jurisdiction over the state-court action are also barred by the doctrine of issue preclusion. Generally, "dismissals for lack of subject matter jurisdiction are not on the merits and are not accorded [preclusive] effect." *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) (citation omitted); *see St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000) (same). But the doctrine of issue preclusion bars relitigation of the specific issues that the prior court decided in reaching its jurisdictional determination. *See Stengel v. Black,* 486 F. App'x 181, 183 (2d Cir. 2012) ("Although a dismissal for lack of jurisdiction is not an adjudication of the merits of a claim, such a dismissal precludes re-litigation of the issue it decided.") (internal citation omitted); *St. Pierre*, 208 F.3d at 401 (prior dismissal for lack of standing – a jurisdictional issue – did not bar subsequent claim but did bar relitigation of specific finding that plaintiff was not loss payee on insurance policy). Because jurisdictional determinations have preclusive effect, "[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9 (1982). A prior dismissal based on lack of subject matter jurisdiction precludes the same action based on the same facts unless the "jurisdictional defect has been cured or loses its controlling force." *In re Motors Liquidation Co.*, ECF 1:16-CV-6927, 17, 2017 WL 3491970, at *7 (S.D.N.Y. Aug. 14, 2017) (quoting *Park Lake Res. Ltd. Liab. Co. v. USDA*, 378 F.3d 1132, 1137 (10th Cir. 2004) (internal quotation marks omitted)).

Rosenberg is essentially asking the Court to reconsider Chief Judge McMahon's determination that the Court lacks subject matter jurisdiction over the removal action. But Chief Judge McMahon dismissed Rosenberg's assertions of subject matter jurisdiction based on the

6

same facts alleged in this notice of removal. Chief Judge McMahon determined that because Shemiran's state-court petition is clearly an eviction proceeding seeking possession of the apartment and a warrant to evict Rosenberg and Jordan, that the Court lacked subject matter jurisdiction. Chief Judge McMahon also found that Rosenberg's attempts to raise counterclaims or defenses under the ADA, FHA, and other federal laws could not serve as the basis for removing the Housing Court holdover proceeding to federal court, and she rejected Rosenberg's invocation of diversity jurisdiction, finding that he failed to allege complete diversity of citizenships and to meet the statutory amount in controversy of $75,000.00. Rosenberg's second notice of removal presents the same jurisdictional issues that Chief Judge McMahon decided in *Rosenberg I*, and he does not assert any new facts that has cured the jurisdictional deficiency identified in the first action. The Court is therefore bound by Chief Judge McMahon's determination in *Rosenberg I*, and lacks subject matter jurisdiction to entertain Rosenberg's state-court action. Rosenberg's jurisdictional claims are barred by the doctrine of issue preclusion.

**B.      Removal under 28 U.S.C. § 1443**

But Rosenberg also asserts that Chief Judge McMahon erred in *Rosenberg I* by not considering 28 U.S.C. § 1443 as a basis for removal in light of his claims of discrimination. Because this issue was not addressed by Chief Judge McMahon, in an abundance of caution, the Court will consider whether there is a basis for removal under § 1443.

Removal is appropriate under § 1443(1) in cases where the defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States." 28 U.S.C. § 1443(1). A defendant removing a state-court action under § 1443(1) must satisfy the two-part test established by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 789–90 (1966). "First, it must appear that the right allegedly denied the

removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219, (1975) (quoting *Rachel*, 384 U.S. at 792). Second, it must appear on the face of the notice "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 799).

Here, although the state-court action does not assert any federal claims, Rosenberg asserts racial discrimination defenses under the ADA and FHA. But even if Rosenberg's broad assertion of racial discrimination in the state-court action were sufficient to show that he was denied a federally protected civil right on racial grounds, he fails to satisfy the second prong of *Rachel* – he does not show that he was denied the opportunity to enforce the specific federal right in the New York State court. *See United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 n. 8 (S.D.N.Y. 2002) (remanding a holdover proceeding to New York County Civil Court because the tenants failed to show that their federal civil rights could not be enforced in the holdover proceeding); *Little Ferry Assocs. v. Diaz*, 484 F. Supp. 890, 892 (S.D.N.Y. 1980) (eviction proceeding alleged to be racially motivated may be adequately challenged in landlord-tenant court). The Court finds that Rosenberg has an adequate remedy in state court to protect his federal rights and removal of the holdover proceeding to this Court under § 1443 is improper.

## C.   Case is Remanded to Housing Court

Because Rosenberg fails to satisfy his burden of demonstrating that removal is proper, the action must therefore be remanded to the Civil Court of the City of New York, New York County, Housing Part. 28 U.S.C. § 1447(c); *see Quick v. Shell Oil*, 399 F. Supp. 2d 356, 362 (S.D.N.Y. 2005) ("If the removing party cannot establish its right to removal by competent

proof, the removal is improper, and the district court must remand the case to the court in which it was filed." ). Rosenberg's request for a temporary restraining order is denied as moot.

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Civil Court of the City of New York, New York County, Housing Part. The Clerk of Court is directed to send a copy of this order to that court. All other pending matters are terminated. This order closes this case.

This order is to be mailed to Rosenberg in chambers.

SO ORDERED.

Dated:   April 22, 2020
        New York, New York

                                                     *Louis L. Stanton*
                                                      Louis L. Stanton
                                                         U.S.D.J.